UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | | |
|---|---|---|
| I.P., a minor, by and through B.P., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-cv-00026 |
| | ) | Judge Katherine A. Crytzer |
| TULLAHOMA CITY SCHOOLS, a | ) | Magistrate Judge Susan K. Lee |
| political subdivision of the State of Tennessee; | ) | JURY DEMANDED |
| JASON QUICK, in his individual capacity; | ) | |
| and DERRICK CRUTCHFIELD, in his | ) | |
| individual capacity, | ) | |
| | ) | |
|     Defendants. | ) | |

## REPORT OF THE PARTIES - RULE 26(f) PLANNING MEETING

Pursuant to the Court's Order and Rule 26(f), the Parties met by and through undersigned counsel and conducted the Rule 26(f) conference via telephone on September 25, 2023. The following attorneys participated by telephone in a Rule 26(f) conference on September 25, 2023 on behalf of their clients:

Plaintiff:
Conor T. Fitzpatrick
Foundation for Individual Rights and Expression
510 Walnut St., Ste. 1250
Philadelphia, PA 19106

Defendant Tullahoma City Schools:
Jerome D. Pinn
Wimberly Lawson Wright Daves & Jones, PLLC
P.O. Box 655
1420 Neal Street, Suite 201
Cookeville, TN 38503-0655

Defendant Jason Quick:
W. Carl Spining
The Ortale Kelley Firm
330 Commerce Street, Suite 110
Nashville, TN 37201

Defendant Derrick Crutchfield:
Alix C. Michel
David J. Ward
Michel & Ward
735 Broad St., Ste. 406
Chattanooga, TN 37402

1. **Jurisdiction.** Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 1983.

2. **Joint Mediation Report:** The parties shall file a joint mediation report on or within **ONE HUNDRED SIXTY FIVE (165) days** before trial indicating their respective positions regarding whether the dispute is a matter suitable for mediation using the Federal Mediation Program under Local Rule 16.4.

3. **Discovery:**

   a. Counsel for Defendants Quick and Crutchfield intend to file a Rule 12(b)(6) motion to dismiss in response to the Amended Complaint and request a stay of discovery based upon the protections afforded by the Qualified Immunity doctrine. The Plaintiff opposes a stay of discovery and opposes dismissal. The Parties discussed and addressed the requirements for a conference prior to the filing of a Rule 12(b)(6) motion, and the Parties agreed that further amendments will not cure Defendant Quick's or Defendant Crutchfield's Motion to Dismiss. The Parties agreed the Defendants' responsive pleading to the Amended Complaint shall be due on or before October 19, 2023. In light of Defendant Quick's and Defendant Crutchfield's intention to move for dismissal

based on qualified immunity and to seek a stay of discovery, and the Plaintiff's opposition to same, the parties request a Case Management Conference to discuss a schedule going forward, including but not limited to whether the Court desires briefing on whether to stay discovery for all Defendants. Plaintiff requests the opportunity to brief the inappropriateness of a stay prior to any stay being entered.

      b.    **Electronic Discovery**: Although Defendant requests a Stay of Discovery, the Parties discussed and agreed electronically stored information should be handled as follows: Production of electronically stored information will be made in native electronic format (if reasonably able), or in PDF format (if native format is not reasonably available). To the extent reasonably possible, the parties will ensure that all documents produced in electronic format are searchable (with OCR (Optical Character Recognition)), readable, with metadata intact. Any electronically stored information in possession or control of either party shall be preserved and retained until final resolution of this action.

      c.    **Initial Disclosures.** Defendant Quick asserts and will request a stay of discovery pursuant to the protections afforded under the doctrine of Qualified Immunity, and therefore asserts that Initial Disclosures are not appropriate at this time. Plaintiff opposes any Stay of Discovery**.** Plaintiff requests that Initial Disclosures be due on or before October 19, 2023.

      d.    **Protective Orders and Privileged Information**:

(1)    The parties do not anticipate disputes regarding claims of privilege or of protection as trial-preparation material asserted after production, but agree to provide privilege logs, and to follow the guideline for discovery disputes below for any privilege or work product claims.

(2)    Any party requesting that documents or portions of documents be sealed, including

3

Case 4:23-cv-00026-KAC-SKL   Document 37   Filed 09/26/23   Page 3 of 10   PageID #: 292

without limitation for use as exhibits at trial, must file a motion to seal which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed, must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence or privacy is typically enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should not provide that documents produced in discovery and designated as "confidential" will be automatically sealed upon filing or if used at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

  e. **Expert Testimony**:  The parties propose the following:

Disclosure of any expert testimony in accordance with Fed. R. Civ. P. 26(a)(2)(B) and (C) shall be made by the plaintiff(s) on or before **EIGHT (8) months or 240 days before trial**, and by defendant(s) on or before **SEVEN (7) months or 210 days before trial.** Parties shall disclose rebuttal expert testimony no later than **SIX AND ONE-HALF (6.5) months or 195 days before trial**. Parties shall supplement these disclosures when required under Fed. R. Civ. P. 26(e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. Expert depositions shall be completed **SIXTY (60) days before trial**.

  f. **All Discovery**:  Dates for commencing and completing discovery, including discovery to be commenced or completed before other discovery.

4

(1) **Discovery Timing**. The parties agree that all discovery, including expert depositions, shall be completed by **FIVE AND ONE HALF (5.5) months or 165 days before trial**. All written discovery requests should be served sufficiently in advance of the discovery deadline so that responses will be due prior to the deadline.

(2) **Stay of Discovery**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

(3) **Discovery Motions**. All discovery motions shall be filed by no later than **SIX (6) months or 182 days before trial.**

Prior to filing a motion to compel, relevant parties shall meet and confer in an attempt to resolve the dispute. If the relevant parties are unable to resolve the dispute informally, the relevant parties shall contact chambers of the assigned Magistrate Judge to notify the Court of a dispute and schedule a time for a telephone conference to attempt to resolve the dispute. If, and only if, the relevant parties' dispute is unresolved following the conference with the Magistrate Judge, the parties may file an appropriate written motion with the Court. Any written motion shall include a certification of compliance with this subsection and, if applicable, the written certification required by Fed. R. Civ. P. 37(a)(1).

(5) **Written Discovery**. None of the parties at this time proposes any changes in the limitations on discovery imposed by the Fed. R. Civ. P. or the Local Rules of Court, nor any changes to the timing, form, or requirement for disclosures under Rule 26(a).

4. **Other Scheduling Matters and Motion Practices**:

   a. **Amendment of Pleadings/Joinder:** Any motion to amend the pleadings or add parties should be filed on or before **TEN (10) months or 300 days before trial.**

b. **Dispositive Motions**: The parties shall file all summary judgment motions on or before **FOUR (4) months or 120 days before trial**. The parties agree that responses to summary judgment motions shall be filed within thirty (30) days after the filing of the motion. Optional replies may be filed within fourteen (14) days after the filing of the Response and are limited to ten (10) pages.

c. **Expert Witness and *Daubert* Motions:** Objections to a proposed expert witness's qualifications or that witness's competency to offer an expert opinion, or any objection to a proposed expert's testimony under Federal Rules of Evidence 701 through 706 and *Daubert*, shall be filed by **FOUR (4) months or 120 days before trial.** Responses shall be filed within **thirty (30) days** after the filing of the motion. Optional replies may be filed within **five (5) days** after the filing of the response, and are limited to five (5) pages. Any applicable objections to experts must be filed by this date or an extension thereof. Otherwise, the objection is deemed waived. If a party desires to take the deposition of a proposed expert prior to filing an objection under this subsection, it must do so and file the objection by this deadline.

d. **Motions in Limine:** Motions in limine (with supporting authority) relating to exhibits, depositions (including video depositions), and witnesses (other than experts) must be filed by **thirty (30) days before trial**. Responses shall be filed within **fifteen (15) days** after the filing of the motion. Optional replies may be filed within **five (5) days** after the filing of the response, and are limited to five (5) pages. Motions in limine may be heard at the final pretrial conference. If the Court grants a motion in limine excluding a portion of a recording, counsel must edit the recording to conform to the Court's order, or the recording will not be admitted into evidence. The Court will not entertain a motion to exclude expert testimony styled as a motion in limine. Any motions to exclude expert testimony in full or in part pursuant to Federal Rules of

6

Evidence 701 through 706 must be filed on or before the *Daubert* motion deadline.

    e.    **Other Nondispositive Motions:** All nondispositive motions other than motions in limine shall be filed on or before **ONE (1) MONTH or 30 days before the Pre-Trial Conference.** Any applicable objection must be filed by this date or an extension thereof. Otherwise, the objection is deemed waived. If a party desires to take the deposition of a proposed expert prior to filing an objection under this subsection, it must do so and file the objection by this deadline. Consistent with Local Rule 7.1(a), responses must be filed within **fourteen (14) days** after the filing of the motion.

    f.    **Final Exhibit and Witness Lists and Deposition Designations/Pretrial Disclosures:**

On or before **THIRTY (30) DAYS** before the final pretrial conference, the parties shall make pretrial disclosures in accordance with the following:

- Provide to all parties a final witness list in accordance with Rule 26(a)(3). The list may be supplemented within **FIVE (5) DAYS** after service. After that time the list shall only be supplemented with leave of Court and for good cause.
- Exchange exhibit lists and designations of depositions, or portions thereof, to be placed in evidence and produce the exhibits for inspection by the opposing parties.
- Parties may file objections after the exhibit list exchange for the *limited* purpose of raising objections to authenticity and/or admissibility. Objections must be filed at least **TWENTY-ONE (21) DAYS** prior to the final pretrial conference. Unless written objection is made to the authenticity and/or admissibility of an exhibit, an objection to the authenticity and/or admissibility of the exhibit is deemed waived unless excused for good cause.

o   Furnish opposing parties a list of damages if damages are claimed.

g.      **Depositions for Evidence**:  Depositions for evidence (proof) shall be completed **THIRTY (30) DAYS** prior to the final pretrial conference.

i.      **Trial Date.** A jury has been demanded. The parties estimate that the trial of this matter will take **THREE TO FOUR (3-4) days**. The Defendant requests a trial date, if possible, during the **summer of 2025, outside the regular school year**; Plaintiff requests a trial date **in the summer of 2024 or as soon thereafter as the Court's schedule permits**.

j.      **Final Pretrial Conference and Pretrial Orders.**  The parties request that the Court set a Final Pretrial Conference date, and dates for all other related pretrial and trial deadlines, terms and conditions related thereto.

Respectfully submitted this 26th day of September, 2023.

/s/ Conor T. Fitzpatrick
Conor T. Fitzpatrick (Mich. Bar #P78981)
Foundation for Individual Rights and Expression
510 Walnut St., Ste. 1250
Philadelphia, PA 19106
Telephone: 215-717-3473
Conor.fitzpatrick@thefire.org

Darrick L. O'Dell (#026883)
Spicer Rudstrom, PLLC
414 Union St., Ste. 1700
Nashville, TN 37219
Telephone: 615-259-9080
dlo@spicerfirm.com

*Attorneys for Plaintiffs*

/s/ Jerome D. Pinn by CTF w/perm.

Kenneth S. Williams (#010678)
Jerome D. Pinn (#017848)
Wimberly Lawson
Wright Daves & Jones, PLLC
P.O. Box 655
1420 Neal Street, Suite 201
Cookeville, TN 38503-0655
Telephone: (931) 372-9123
kwilliams@wimberlylawson.com

*Attorneys for Defendant*
*Tullahoma City Schools*


/s/ W. Carl Spining by CTF w/perm.
Michael T. Schmitt (#026573)
W. Carl Spining (#016302)
The Ortale Kelley Firm
330 Commerce Street, Suite 110
Nashville, TN 37201
Telephone: 615-256-9999
mschmitt@ortalekelley.com
cspining@ortalekelley.com

*Attorneys for Defendant Jason Quick*


/s/ Alix C. Michel by CTF w/perm.
Alix C. Michel (#024243)
David J. Ward (#013449)
Michel & Ward
735 Broad St., Ste. 406
Chattanooga, TN 37402
Telephone: 423-602-9522
alix@michelandward.com
david@michelandward.com

*Attorneys for Defendant Derrick Crutchfield*

## CERTIFICATE OF SERVICE

   I hereby certify that on September 26th, 2023, a copy of the foregoing document has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                  s/ Conor T. Fitzpatrick
                  Conor T. Fitzpatrick