# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# WINCHESTER DIVISION

| | | |
|---|---|---|
| I.P., a minor, by and through B.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-cv-00026 |
| | ) | Judge Katherine A. Crytzer |
| TULLAHOMA CITY SCHOOLS, a | ) | Magistrate Judge Susan K. Lee |
| political subdivision of the State of Tennessee; | ) | JURY DEMANDED |
| JASON QUICK, in his individual capacity; | ) | |
| and DERRICK CRUTCHFIELD, in his | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## AGREED PROTECTIVE ORDER

The parties to this cause acknowledge that certain confidential or protected information may be produced during the course of discovery in this case. Such information may include, but is not limited to, Social Security numbers, Date of Birth information; address and telephone numbers; and such party or non-party student data, records or other information including medical records that may be categorized as "confidential" under the Family and Educational Rights Privacy Act of 1974, *20 U.S.C. § 1232g* ("FERPA") or other federal or State law including *Tenn. Code Ann. § 10-7-504*, and rights and protections under the Health Insurance Portability and Accountability Act of 1996, *42 U.S.C. § 1320d-6* ("HIPAA"), as well as applicable Tennessee law (all such matters being collectively, the "Protected Information").

To preserve confidentiality and to protect from an inadvertent public disclosure of confidentiality rights of any party or non-party, including any rights under *Tenn. Code Ann. § 10-7-504, FERPA and HIPAA,* the parties in this litigation desire to enter into this Protective Order.

1

Pursuant to Federal Rule of Civil Procedure 26(c), in light of the agreement of the parties, as evidenced by the signatures of counsel below, and for good cause shown, IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. To protect from an inadvertent public disclosure of Protected Information in violation of any confidentiality rights of party and non-party minor students and/or others, all documents produced in this case and described as Protected Information shall be subject to this Protective Order. Counsel agree that they shall ignore any obviously irrelevant information contained in the discovery produced containing Protected Information, may redact such information before disclosure, and shall seek consent or Court approval for such disclosure or, alternatively, file such information under seal in any non-redacted form.

2. For all items produced containing Protected Information, the counsel and parties shall avoid revealing the data to individuals unconnected with the litigation in other than in a manner revealing only the first letter of the first and last name of the minor referenced in the document, shall destroy the unredacted data and information at conclusion of the case subject to the terms in section 12, and the Protected Information may only be used for purposes directly related to this lawsuit and not for any other purpose. A party may, by written correspondence, challenge a redaction of information by the producing party. The producing party shall have five (5) business days to either furnish the redacted information or supply a written justification for the redaction to the challenging party. Neither the written challenge nor justification shall waive the ability of a party to move to compel, or for a protective order to prevent disclosure of, the redacted information.

3. The parties will work together to assure proper redaction of Protected Information

2

Case 4:23-cv-00026-KAC-SKL   Document 65   Filed 12/19/23   Page 2 of 7   PageID #: 581

before use in any deposition or Court filings, and/or that such information is placed under seal and not made a part of the public record. Counsel for either party may designate certain types of confidential information at the outset of the deposition, or during the course of the deposition, where appropriate. When making such a designation, counsel for the party from whom such information is being sought shall direct the court reporter to bind such confidential portions of the transcript in a separate binder or on separate transcript pages prominently marked with the legend "CONFIDENTIAL." Protected Information produced in this lawsuit may be disclosed in testimony at the trial of this action or offered in evidence at the trial of this action, subject to the local Rules of Evidence, this Protective Order, and subject to such further Orders as this Court may enter. The entry of this Order does not result in the waiver by any party of any applicable evidentiary objections at trial.

4. For documents and Protected Information that may become at issue after entry of this Order, the parties may seek further instruction and guidance of the Court as to confidentiality, relevance, or disclosure of such information. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires, including the right of the non-party who shall have standing to appear in this action in order to file motions and oppose motions, as necessary, to protect such non-party's rights in his or her information.

5. All persons, other than the parties and their counsel, present at the taking of the depositions in which such information is involved, upon notice of the terms of this Protective Order, are prohibited from disclosing such information to any other person not authorized under this Protective Order to receive such information.

6. With respect to all documents and things produced by a producing party, whether a party to this action or a non-party, for inspection and copying, which contain Protected Information or which are designated as "CONFIDENTIAL" by the producing party, the documents and things, and the information contained therein, shall be kept confidential, and shall not be communicated in any manner, either directly or indirectly, to any person or entity other than:

 (a) Counsel of record in this action and their respective associates, clerks, legal assistants, stenographic and support personnel, and other employees of such outside counsel (collectively referred to as "outside counsel");

 (b) Parties plaintiff and defendant and School System employees and agents having a need to know after being informed of this Protective Order and agreeing to be bound;

 (c) Independent experts and consultants, and the employees of such experts and consultants who are assisting them, retained or consulted by counsel of record for any party for the purpose of assisting counsel in the litigation, after being informed of this Protective Order and agreeing to be bound;

 (d) The Court and court employees, court reporters, stenographers, and videographers;

 (e) Such other persons as hereafter may be designated by written agreement of all parties in this action or by Order of the Court, such Order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure. Nothing in this Order shall limit the receiving party's right to disclose Protected Information during any deposition of any employee or agent of the producing party;

 (f) Furthermore, the documents and things, and the information contained

4

Case 4:23-cv-00026-KAC-SKL   Document 65   Filed 12/19/23   Page 4 of 7   PageID #: 583

therein, shall be received and used only for purposes directly related to this action and not for any other purpose, and documents containing Protected Information shall be returned to the producing party or destroyed at conclusion of this lawsuit.

7. Acceptance by a party of any information, document or thing identified as containing Protected Information or as "CONFIDENTIAL" hereunder shall not constitute a concession that the information, document, or thing is protected or confidential.

8. If through inadvertence, error or oversight, a party fails to properly designate a document at the time of production or disclosure, either party shall promptly notify the other party of such error or oversight as soon as such error or oversight is discovered. Thereafter, the parties shall treat such document(s), tangible thing(s) or information in the same manner as if it had been classified "CONFIDENTIAL" originally. The party receiving the reclassification request shall have ten (10) business days from the receipt of such notice of reclassification to object to such reclassification in writing. If the parties cannot agree on the status of a document after the request and objection, made, this Court shall determine whether or not such material can properly be reclassified. The party asserting a document's status as "CONFIDENTIAL" has the burden of demonstrating that the document is entitled to "CONFIDENTIAL" status. Until such a ruling is made by this Court, the receiving party shall treat such document(s), tangible thing(s), or information in the same manner as if it had been originally designated or classified as "CONFIDENTIAL".

9. By making information and documents designated as Protected Information available for use in this action, neither Plaintiff nor Defendants have waived or compromised the confidentiality, protectability, or privilege of the information or documents.

10. In the event that a party seeks discovery from a non-party to this action, the non-party may invoke the terms of this Order with respect to any information provided to the parties by so advising the parties to this action in writing. Any such non-party shall have standing to appear in this action in order to file motions and oppose motions, as necessary, to protect such non-party's asserted rights in its information.

11. This proposed Order shall be in effect upon execution by counsel for Plaintiff and counsel for Defendant. Plaintiff and Defendant agree to be bound by the terms of this proposed Order pending its adoption or supplementation by the Court.

12. On final termination of this action, including all appeals, each party and non-party in possession of Protected Information shall return all materials produced and containing Protected Information or designated as Confidential to the producing party, or shall destroy, in whatever form stored or reproduced, all working copies, abstracts, and digests of such materials produced and designated as Confidential and Protected Information and provide written verification of the destruction to the producing party within sixty days after the final resolution of this case including all appeals. Notwithstanding the foregoing, any attorney shall be entitled to securely retain, in whatever form stored or reproduced, one copy of all unredacted pleadings, correspondence, memoranda, notes, and other work product materials.

13. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity require.

14. The Court expressly finds ^(the Parties represent) that disclosure of the information allowed herein is necessary for the efficient conduct of the lawsuit and that failure to make such disclosure would

6

be contrary to the public interest or to the detriment of the parties to the proceeding.

ENTERED this 19th day of    December    , 2023.

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

7