UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| I.P., a minor, by and through B.P., <br><br> *Plaintiff*, <br><br> v. <br><br> TULLAHOMA CITY SCHOOLS, a political subdivision of the State of Tennessee; JASON QUICK, in his individual capacity; and DERRICK CRUTCHFIELD, in his individual capacity, <br><br> Defendants. | Case Number: 4:23-cv-26 <br><br> Hon. Katherine A. Crytzer <br><br> **Plaintiff's Supplemental Brief on New Development Affecting School District's Mootness Argument** |

Under Local Rule 7.1(d), Plaintiff I.P. files this supplemental brief "to call to the Court's attention developments occurring after a party's final brief is filed." E.D. Tenn. L.R. 7.1(d). Parties are obligated to keep the Court apprised of new facts affecting mootness since mootness affects the Court's subject matter jurisdiction. *See Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 68 n.23 (1997); *Davis v. Colerain Township*, No. 21-3723, 2022 WL 4351074, at *7 (6th Cir. Sept. 20, 2022). To that end, I.P. may file a supplemental brief concerning new developments "without seeking leave of Court." *Malin v. JPMorgan*, 860 F. Supp. 2d 574, 578 n.3 (E.D. Tenn. 2012) (citing E.D. Tenn. L.R. 7.1(d)).

On November 27, 2023, I.P. filed a consolidated brief opposing Defendants' motions to dismiss I.P.'s claims. (Doc. 57.) I.P.'s brief explains why the School District's "ad hoc, discretionary, and easily reversible" decision to remove the Social Media Policy and Wildcat Policy from the Tullahoma High School Student Handbook

on the day I.P. filed suit did not moot I.P.'s equitable claims challenging the policies. (Doc. 57, Pl.'s Consol. Br. Opp'n Mots. Dismiss at 36–40.)

Subsequently, the School District served its discovery responses. In response to an interrogatory seeking an explanation of the how the School District removed the policies from its Student Handbook, the School District stated:

> [O]n the day that this lawsuit was filed, it came to the attention of the School's legal counsel, who discussed the two policies in question with Dr. Catherine Stephens, Director of Schools. Thereafter, Dr. Stephens sent a text message to Dr. Greg English, the current school principal, in the afternoon of July 19, 2023, directing him to delete these two policies from the handbook as soon as possible. He responded, "on it", and removed the policies that evening.

(Ex. A, School District's Resp. to Pl.'s First Set of Interrogatories at 5.) And on December 22, 2023, the School District produced the text message exchange, reflecting Superintendent Stephens' cursory, unilateral directive, complete with a smiley-face emoji. (Ex. B.)

As I.P.'s brief explains, a party claiming its voluntary cessation of challenged conduct moots a claim faces a "formidable burden" if "discretion to change the challenged policy lies with a single agency or individual, or where no formal processes are required to make a change" because that sort of process is "ad hoc, discretionary, and easily reversible." (Doc. 57, Pl.'s Consol. Br. Opp'n Mots. Dismiss at 37 (citing *Speech First, Inc. v. Schlissel*, 939 F.3d 756, 767–68 (6th Cir. 2019) and quoting *Thomas v. City of Memphis*, 996 F.3d 318, 325 (6th Cir. 2021).) The government defendant's "formidable burden" is to show it is "absolutely clear" the unlawful

conduct cannot reasonably be expected to recur. (Doc. 57, Pl.'s Consol. Br. Opp'n Mots. Dismiss at 37 (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013).)

Here, through discovery, we now know the School District's "process" for removing the Social Media Policy and Wildcat Policy amounted to a single official (Superintendent Stephens) sending a single text message saying "remove it" and a subordinate replying "on it." (Ex. A at 5; Ex. B.) It is difficult to imagine a less formal, more ad hoc process. As explained in I.P.'s brief, nothing stops the school board (or Superintendent Stephens' successor) from reversing course and ordering the policies back in place. (Doc. 57 at 37.)

I.P. otherwise relies on his brief (Doc. 57) to assert this Court's jurisdiction.

Dated: January 3, 2024

DARRICK L. O'DELL
SPICER RUDSTROM, PLLC
414 Union St., Ste. 1700
Nashville, TN 37219
dlo@spicerfirm.com

Respectfully Submitted,

/s/ Conor T. Fitzpatrick
CONOR T. FITZPATRICK*
(Mich. P78981 / D.C. 90015616)
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION
700 Pennsylvania Ave. SE, Ste. 340
Washington, DC 20003
(215) 717-3473
conor.fitzpatrick@thefire.org

JEFFREY D. ZEMAN*
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION
510 Walnut St., Ste. 900
Philadelphia, PA 19106
(215) 717-3473
jeff.zeman@thefire.org

*Admitted pro hac vice

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing upon all ECF filing participants.

/s/ Conor T. Fitzpatrick
Conor T. Fitzpatrick
COUNSEL FOR PLAINTIFF
