# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# WINCHESTER DIVISION

| | |
|---|---|
| I.P., a minor, by and through B.P., <br><br> *Plaintiff*, <br><br> v. <br><br> TULLAHOMA CITY SCHOOLS, a political subdivision of the State of Tennessee; JASON QUICK, in his individual capacity; and DERRICK CRUTCHFIELD, in his individual capacity, <br><br> Defendants. | Case Number: 4:23-cv-26 <br><br> Hon. Katherine A. Crytzer <br><br> **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO CONTINUE TRIAL** |

Darrick L. O'Dell
SPICER RUDSTROM, PLLC
414 Union St., Ste. 1700
Nashville, TN 37219
(615) 259-9080
dlo@spicerfirm.com

CONOR T. FITZPATRICK
FOUNDATION FOR INDIVIDUAL
 RIGHTS AND EXPRESSION
700 Pennsylvania Ave. SE, Ste. 340
Washington, DC 20003
(215) 717-3473
conor.fitzpatrick@thefire.org

JEFFREY D. ZEMAN
FOUNDATION FOR INDIVIDUAL
 RIGHTS AND EXPRESSION
510 Walnut St., Ste. 900
Philadelphia, PA 19106
(215) 717-3473
jeff.zeman@thefire.org

*Counsel for Plaintiff*

# INTRODUCTION

This is a case about protecting Tennessee public school students' First Amendment right to engage in off-campus protected speech. In August 2022, Tullahoma High School Principal Jason Quick and Assistant Principal Derrick Crutchfield suspended then-junior I.P. for posting three non-profane images on Instagram that gently poked fun at Quick's overly serious nature. I.P. posted the images from home, on his own time, and the images did not disrupt school.

With discovery set to close in early February 2024, Defendants' counsel requested a two-month discovery extension due to a health issue and a February 2024 trial conflict. I.P. of course had (and has) no opposition to that extension. But Defendants are now asking the Court to extend discovery by more than *five months*. Defendants do not tell the Court why they need so much additional time, nor do they explain why the two months they originally requested is insufficient.

Two months is plenty. The parties have already completed a significant amount of written discovery. And, contrary to Defendants' assertion, I.P. is ready and willing to depose witnesses and be deposed during the school year. There is no good cause to grant Defendants' requested five-month continuance. And critically, the 5+ month extension Defendants seek would needlessly push dispositive briefing (for which Plaintiffs' counsel will need I.P.'s involvement) into I.P.'s freshman year of college.

It is well settled that First Amendment rights are uniquely time sensitive. *Elrod v. Burns*, 427 U.S. 347, 373 (1976). I.P. is willing to continue the discovery deadline two months to accommodate counsels' recovery and trial conflict. But Defendants must otherwise timely allow the case to proceed. As explained below, the Court should extend the discovery deadline by two months and issue a reasonable schedule which will ensure timely completion of the case before I.P. begins college. The Court should otherwise deny Defendants' motion.

1

# FACTUAL BACKGROUND

**Plaintiff Engaged in Non-Disruptive, Off-Campus Speech Lampooning His Principal.**

Plaintiff I.P. is a senior at Tullahoma High School. (Doc. 36, Am. Compl. ¶ 9.) In the summer of 2022, before his junior year, I.P. posted two images on Instagram gently satirizing the then-Tullahoma High School principal, Jason Quick. (*Id.* ¶¶ 27–34.) I.P. posted one more satirical image of Quick from home after the second day of the 2022–2023 school year. (*Id.* ¶¶ 35–36.) The three images went without notice by the Tullahoma High School administration until August 10, 2022, and did not cause disruption at school.

On August 10, Quick called I.P. into Quick's office and told I.P. that his Instagram posts violated the school's Social Media Policy, which prohibited students from posting photos that "embarrass[], demean[], or discredit[] the reputation of any student or staff." (*Id.* ¶¶ 47, 63–65.) Assistant Principal Crutchfield, at Quick's direction, then suspended I.P. from school for five days, later reducing the suspension to three days. (*Id.* ¶¶ 70–72, 74, 100.) On August 12, 2022, I.P.'s mother, B.P., met with Quick and Crutchfield, and handed them a letter demanding Tullahoma High School rescind I.P.'s suspension or face litigation. (*Id.* ¶¶ 99, 104.) Defendants refused, so I.P. filed suit in July 2023. (Doc. 1, Compl.)

On September 21, 2023, I.P. filed an Amended Complaint seeking injunctive and declaratory relief from his suspension, injunctive and declaratory relief from the vague and overbroad Social Media policy and a policy prohibiting speech "unbecoming of a Wildcat," and damages for Quick's and Crutchfield's violations of I.P.'s constitutional rights. (Doc. 36, Am. Compl. ¶¶ 105–259.) I.P.'s Amended Complaint alleges past and ongoing violations of his First Amendment right to freedom of speech and his Fourteenth Amendment right to due process of law. (*Id.*)

On September 26, 2023, the parties filed a Rule 26(f) report in which the Defendants requested a trial date in summer 2025, and I.P. requested a trial date before the end of 2024. The Court opted for the shorter timeline. (Doc. 37, Report of 26(f) Planning Meeting.) On October 10, 2023, the Court issued a scheduling order setting a discovery cutoff of February 9, 2024, a dispositive motion deadline of March 25, 2024, and a trial date of July 23, 2024. (Doc. 40, Scheduling Order, ¶ 1.)

**Plaintiff Agreed to Defendants' Two-Month Extension, But Defendants Now Want Five.**

Seeking to ensure timely completion of discovery, given the irreparable harm caused by a First Amendment violation and because I.P. will depart for college in August 2024, I.P. served written discovery requests to Defendants on November 3, 2023. (*See* Ex. A, Nov. 3, 2023 email from I.P.'s Counsel to Defendants' Counsel.) By December 21, 2023, all Defendants had sent I.P. responses to his written discovery requests, the Court had signed a protective order proposed by all parties, and the School District had produced documents in response to I.P.'s requests for production and sent I.P. its own discovery requests.

On December 15, 2023, the School District's counsel advised I.P.'s counsel via telephone that counsel for one of the defendants had experienced an adverse health event. The School District requested a two-month extension of the Court's discovery deadline for counsel to recover. I.P. agreed to the two-month extension, and the School District's counsel advised he would send a proposed joint motion to continue. Later that day, the School District's counsel sent I.P.'s counsel the promised motion draft, which requested "2–3" additional months to continue discovery but did not provide proposed dates to continue trial or any other deadlines set forth in the Court's October 10, 2023 scheduling order. (*See* Ex. B, Dec. 15, 2023 email from School District's Counsel to I.P.'s Counsel.) The motion draft also advised that counsel for another defendant had a three-week trial scheduled in February 2024. (*Id.*) On December 19, 2023, I.P.'s counsel again agreed to a

two-month extension and sent the School District's counsel a detailed table proposing new dates for each outstanding deadline from the Court's October 10 scheduling order. (*See* Ex. C, Dec. 19, 2023 email from I.P.'s Counsel to School District's Counsel.) I.P.'s proposed schedule accommodated Defendants' request for a two-month discovery extension but ensured the action would conclude, as originally scheduled, before I.P. departed for college. (*Id.*)

On December 21, 2023, the School District's counsel, now on behalf of all Defendants, rejected I.P.'s proposed schedule without explanation, offering only that the proposed dates "aren't achievable for a variety of reasons." (*See* Ex. D, Dec. 21, 2023 email from School District's Counsel to I.P.'s Counsel.) The School District's counsel attached a revised motion to continue, requesting a discovery deadline in *June* 2024, and a trial date in January 2025. (*Id.*) The School District's counsel did not explain why Defendants suddenly needed a four-month extension rather than two. (*Id.*)

Despite I.P.'s preference to complete discovery by April 2024, and in the interest of resolving the issue without involving the Court, I.P. then offered to accommodate Defendants' requested extension for both discovery and trial while still securing a benefit for I.P. in exchange for his concessions. On January 2, 2024, I.P.'s counsel advised Defendants' counsel that I.P. would agree to both a June 7, 2024 discovery deadline and a trial date in January 2025, if Defendants would agree to a dispositive motion deadline of July 1, 2024, and agree not to depose I.P. until after school ends on May 29, 2024. (*See* Ex. E, Jan. 2, 2024 email from I.P.'s Counsel to School District's Counsel.) I.P.'s counsel explained the schedule would provide the extension Defendants requested and ensure summary judgment briefing could be completed "before I.P. departs for his freshman year." (*Id.*)

On January 5, 2024, Defendants' extension request ballooned to more than five months. The School District's counsel rejected I.P.'s offer and requested a discovery deadline "around mid-

July 2024" with dispositive motions due on September 1, 2024. (*See* Ex. F, Jan. 5, 2024 email from School District's Counsel to I.P.'s Counsel.) The Schools District's counsel did not explain the need for an additional month. (*Id.*) On January 9, I.P.'s counsel advised Defendants he would not agree to such an unnecessarily long extension, particularly without an explanation for why the additional time is needed. (*See* Ex. G, Jan. 9, 2024 email from I.P.'s Counsel to School District's Counsel.)

On January 11, Defendants filed the pending motion, seeking "additional months" to conduct discovery without specifying an actual number of months. (Doc. 71, Defs.' Mot. to Continue Trial.) However, the Court may conclude Defendants are requesting a date in July based on their allegation that "both sides desire to have witnesses deposed when school is not in session, primarily in June 2024." (*Id.*). As in the School District's counsel's correspondence with I.P.'s counsel, Defendants' motion does not explain why an extension beyond the two months originally requested is necessary. (*Id.*)

## ARGUMENT

The Court should deny Defendants' request to extend the Court's Scheduling Order dates (beyond the two-month discovery extension to which I.P. does not object). Defendants initially requested only a two-month extension of discovery due to counsels' adverse health event and trial conflict. They do not explain the need, much less establish "good cause" (Fed. R. Civ. P. 16(b)(4)), for, an extension in excess of five months. I.P. is of course willing to agree to extend the Court's scheduling order two months to allow counsel to recover and prepare for a February 2024 trial. But five months is too much, and the resulting delay—which would extend deadlines for matters requiring I.P.'s personal involvement into his freshman year of college—is unnecessary.

**I.     Defendants' Have Not Alleged Good Cause for a Five-Month Extension.**

Beyond the agreed-upon two-month extension of discovery, the Court should deny Defendants' request to extend the Court's scheduling order dates because Defendants have not demonstrated "good cause." Fed. R. Civ. P. 16(b)(4) (a scheduling order may be "modified only for good cause and with the judge's consent"). Defendants have not met their burden to show they cannot, with a two-month discovery extension, meet the Court's deadlines despite diligently trying to do so. *See* Fed. R. Civ. P. 16, 1983 advisory committee's notes to 1983 amendment; *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (holding a court may only modify a scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension.").

Defendants do not and cannot demonstrate why a two-month extension is insufficient. Defendants allege in their motion that "both sides desire to have witnesses deposed when school is not in session, primarily in June 2024." (Doc. 71, Defs.' Mot. to Continue Trial.) Not so. I.P. only asked to be deposed after the school year to obtain some convenience benefit if he were to agree to an extension of discovery beyond two months. (*See* Ex. E, Jan. 2, 2024 email from I.P.'s Counsel to School District's Counsel.) To accommodate a two-month extension to discovery, I.P. suggests the Court enter the following schedule, subject to the Court's availability:

| **Original Dates** | **Continued Dates** |
|---|---|
| 2/9/2024: Discovery deadline | 4/9/2024: Discovery deadline |
| 3/25/2024: Dispositive motions | 5/9/2024: Dispositive motions |
| 3/25/2024: Expert witness/*Daubert* motions | 5/9/2024: Expert witness/*Daubert* motions |
| 4/24/2024: Response to expert witness/*Daubert* motions | 6/10/2024: Response to expert witness/*Daubert* motions |
| 5/24/2024: Motions in limine | 6/24/2024: Motions in limine |
| 5/24/2024: Non-dispositive motions other than motions in limine | 6/24/2024: Non-dispositive motions other than motions in limine |
| 6/7/2024: Responses to non-dispositive motions other than motions in limine | 7/8/2024: Responses to non-dispositive motions other than motions in limine |
| 6/21/2024: Responses to motions in limine | 7/15/2024: Responses to motions in limine |
| 7/9/2024 at 10:00am: Final Pretrial Conference | 7/24/2024 at 10:00am: Final Pretrial Conference |
| 7/23/2024 at 10:00am: Trial | 8/6/2024 at 10:00am: Trial |

These proposed dates to continue all outstanding deadlines are the same dates I.P. proposed to Defendants on December 19, 2023, when I.P. agreed to the two-month extension they initially requested. (*See* Ex. C, Dec. 19, 2023 email from I.P.'s Counsel to School District's Counsel.) These deadlines would accommodate counsel's need to recover and give both parties plenty of time to meet the continued deadlines, while only minimally amending the Court's October 10, 2023 Scheduling Order.

At no point during the parties' discussions regarding the schedule did Defendants' counsel explain why their initial request for a two-month extension of the discovery deadline ballooned into an extension of more than five months for discovery, dispositive motions, and trial. Nor did Defendants explain why I.P.'s second attempt at a compromise, which would have extended discovery until *June*, was insufficient. With written discovery nearing its end, Defendants' motion should be denied because they cannot demonstrate a need for an extension beyond two months. *See Bentkowski v. Scene Mag.*, 637 F.3d 689, 696 (6th Cir. 2011) (affirming a denial of additional time for discovery on the basis that, "[t]he overarching inquiry … is whether the moving party was diligent in pursuing discovery.")

Defendants have not explained why, with diligence, this action cannot timely proceed with the two-month discovery extension they originally requested. The Court should therefore deny Defendants' motion and enter the schedule I.P. suggests above.

## II. First Amendment Rights Are Particularly Time Sensitive.

Further, the Court should not grant Defendants' requested extension because the clock continues to run on I.P.'s First Amendment rights. Students have "fundamental rights which the State must respect," including "freedom of expression." *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 511 (1969). Students do not "shed their constitutional rights to freedom of speech or expression at the schoolhouse gate." *Id.* at 506. Off campus and after school,

administrators have even less power to regulate student speech. *See Mahanoy Area Sch. Dist. v. B.L. ex rel. Levy*, 141 S. Ct. 2038, 2046–48 (2021).

The First Amendment protects students' rights to criticize and satirize public officials. *See New York Times Co. v. Sullivan*, 376 U.S. 254, 273 (1964). Government officials do not get an "I was embarrassed" exception. *See NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 910 (1982) ("Speech does not lose its protected character, however, simply because it may embarrass others . . . ."). The Constitution guarantees Americans young and old the right to praise, criticize, satirize, or lampoon government officials. Indeed, "the dominant purpose of the First Amendment was to prohibit the widespread practice of governmental suppression of embarrassing information." *Detroit Free Press v. Ashcroft*, 303 F.3d 681, 686 (6th Cir. 2002) (citation omitted).

It should come as no surprise, therefore, that government abridgments of free speech are especially time sensitive. Indeed, abridgments of First Amendment rights qualify as *per se* irreparable harm for purposes of a preliminary injunction. *See Elrod*, 427 U.S. at 373 ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); *Martin v. Kelley*, 803 F.2d 236, 240 (6th Cir. 1986) ("The First Amendment freedoms, including the freedom of speech, have always occupied a preferred status in constitutional jurisprudence for it is these freedoms which ensure a free and democratic society.") (footnote omitted). Defendants suspended I.P. in August 2022 for gently lampooning his principal on Instagram. The vindication of I.P.'s (and all Tullahoma City Schools students') First Amendment rights presents this Court with a time sensitivity absent in most civil litigation, which should caution against overly aggressive extensions.

If this Court is inclined to grant any extension, however, the Court's order should make clear that, consistent with Federal Rule of Civil Procedure 6(b)(1)(B), the extension is solely for deadlines not yet reached and cannot serve as a mulligan for deadlines already missed. Rule

8

6(b)(1)(B) provides that, unlike future deadlines, expired deadlines may only be extended "if the party failed to act because of excusable neglect." Defendants do not contend any of the expired dates (for example, the deadline to name an expert witness), meet this requirement. *See, e.g.*, *Duff v. Oak Ridge, Tenn.*, No. 3:10-CV-230, 2011 WL 4373929 (E.D. Tenn. Sept. 19, 2011) (applying Rule 6(b)(1)(B) and denying an extension request because the requesting party waited until after deadline had passed to ask for the extension, despite earlier knowing of need). Especially given the time sensitivity of First Amendment claims, there is no basis to allow Defendants a do-over for already-expired deadlines.

## CONCLUSION

I.P. respectfully requests the Court deny Defendants' motion and enter the schedule contained in section I, *supra*.

Dated: January 19, 2024

Respectfully Submitted,

DARRICK L. O'DELL
SPICER RUDSTROM, PLLC
414 Union St., Ste. 1700
Nashville, TN 37219
dlo@spicerfirm.com

/s/ Conor T. Fitzpatrick
CONOR T. FITZPATRICK*
(Mich. P78981 / D.C. 90015616)
FOUNDATION FOR INDIVIDUAL
  RIGHTS AND EXPRESSION
700 Pennsylvania Ave. SE, Ste. 340
Washington, DC 20003
(215) 717-3473
conor.fitzpatrick@thefire.org

JEFFREY D. ZEMAN*
FOUNDATION FOR INDIVIDUAL
  RIGHTS AND EXPRESSION
510 Walnut St., Ste. 1250
Philadelphia, PA 19106
(215) 717-3473
jeff.zeman@thefire.org
*Admitted pro hac vice

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 19, 2024, a true and correct copy of the foregoing document was transmitted via using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

      /s/ *Conor T. Fitzpatrick*
CONOR T. FITZPATRICK
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION