UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| **I.P., a minor, by and through B.P.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 4:23-cv-00026 |
| ) | Judge Katherine A. Crytzer |
| **TULLAHOMA CITY SCHOOLS**, a ) | Magistrate Judge Susan K. Lee |
| political subdivision of the State of Tennessee; ) | Jury Demanded |
| **JASON QUICK**, in his individual capacity; ) | |
| and **DERRICK CRUTCHFIELD**, in his ) | |
| individual capacity, ) | |
| ) | |
| **Defendants.** ) | |

### MOTION FOR ORDER ALLOWING DISCLOSURE OF CERTAIN DIRECTORY INFORMATION PURSUANT TO THE FAMILY EDUCATIONAL RIGHTS AND PRIVACY ACT (FERPA), AND FOR OTHER RELIEF

COMES NOW the named defendant Tullahoma City Schools ("the School System") and moves the Court for permission, under The Family Educational Rights and Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232(g); 34 C.F.R. § 99.31, to disclose certain Directory Information of present or former non-party students to the other parties in this case. Defendant School System further moves for other protective relief as deemed necessary by the Court, for the protection or benefit of these non-parties. In support of this Motion, the School System avers as follows:

1. F.R.Civ.P. 26(a) requires a party to disclose the "name and, if known, the address and telephone number of each individual likely to have discoverable information."

2. FERPA, however, protects privacy rights of present and former students to what is known as identifiable Directory Information that includes student and parent names, address and other contact information. This protection contains an exception for, among other reasons, issuance of a judicial order. See 20 U.S.C. § 1232(g); 34 C.F.R. § 99.31.

3. Because of this overlap in protections and responsibilities, the School System has notified the other parties of the first letter of the first and last names of students who may have discoverable

information, but has disclosed no other Directory Information. These students fall into the following categories:

    a.    <u>Category 1</u>: Student X, (A.L.), who has actual and direct knowledge of relevant information concerning the posting, dissemination and circulation of certain information involving former Principal Jason Quick by plaintiff I.P. or others, during the school day. A.L. has declined to consent to disclosure of her Directory Information.

    b.    <u>Category 2</u>: Former Student Y, (R.Y.), and former student N.M., are non-parties who have direct knowledge of relevant information concerning the posting, dissemination and circulation of certain information involving former Principal Jason Quick by plaintiff I.P. or others, during the school day. These students are distinguished because the plaintiff has already disclosed their Directory Information, so likely making FERPA a non-issue for the School System, but they are included out of an abundance of caution. Both have not consented to disclosure of their Directory Information.

    c.    <u>Category 3</u>: To date, four (4) present or former non-party students, identified as: (1) S.E., (2) J.B., (3) C.S., and (4) B.W., are persons who do or *may* have relevant information concerning the posting, dissemination and circulation of certain information involving former Principal Jason Quick by plaintiff I.P. or others, during the school day. There may be other students revealed during discovery who fall into this category. The School System has not received a consent to disclose Directory Information from S.E., and so desires to provide her Directory Information to the other parties consistent with F.R.Civ.P. 26(a). The other three (3) identified witnesses have provided FERPA consents, and their Directory Information will be provided to the other parties. These three (3) redacted voluntary consents are attached as <u>Exhibit "A"</u>.

    4.    Upon filing of this Motion, the School System, through counsel, will provide reasonable advance notice to these present or former students who have not provided voluntary consents, enclosing a copy of this Motion, an explanation of their rights to object or intervene, and another consent/declination form, all to be sent in a form FERPA Notice Letter attached as <u>Exhibit "B"</u>. The

School System will also supplement this filing with any consents/declinations that may be received hereafter.

5. The School System desires to provide a level discovery playing field to all parties, while at the same time, providing appropriate protections for the privacy of these non-parties. Accordingly, request is made to the Court to protect this information from public dissemination, concerning that such information falls within the scope of the Agreed Protective Order at d.e. #65, Page ID #580-586, or that the Court craft such other Orders as the Court deems just.

WHEREFORE, premises considered, the School System prays that the Court allow the non-parties to voice any concerns, that a hearing be conducted and, at conclusion, the Court permit the School System to share the Directory Information designated above, imposing such protections as the Court deems proper, and for other relief.

Respectfully submitted.

/s/ Kenneth S. Williams
Kenneth S. Williams (#010678)
Jerome D. Pinn (#017848)
Wimberly Lawson
Wright Daves & Jones, PLLC
P.O. Box 655
1420 Neal Street, Suite 201
Cookeville, TN 38503-0655
Telephone: 931-372-9123
kwilliams@wimberlylawson.com
jpinn@wimberlylawson.com
*Attorneys for Defendant*
*Tullahoma City Schools*

Exhibit "A": Voluntary Consents Received

Exhibit "B": Form FERPA Notice Letter

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served, by ECF filing, a copy of the foregoing document. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Any other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

/s/ Kenneth S. Williams        5/2/2024
Attorney                                 DATE