UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| I.P., by and through B.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 4:23-CV-26-KAC-SKL |
| ) | |
| TULLAHOMA CITY SCHOOLS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER FOR SUPPLEMENTAL BRIEFING

This action is before the Court on Defendant Tullahoma City School's "Motion to Dismiss and for Judgment on the Pleadings" filed under Federal Rule of Civil Procedure 12(b)(1) and 12(c) [Doc. 52]. On July 19, 2023, Plaintiff filed a "Motion for Preliminary Injunction" [Doc. 4], seeking, in part, an order for Defendant Tullahoma to "expunge [Plaintiff's] August 2022 suspension from his school record" [Doc. 4 at 2]. On August 14, the Parties entered a "Stipulation Regarding Plaintiff's Motion for Preliminary Injunction" [Doc. 25].

The Stipulation, which Plaintiff and Defendant Tullahoma signed, provides that "[f]or purposes of [Plaintiff's] Motion for Preliminary Injunction, and without admission of error or wrongdoing," Defendant Tullahoma agreed to "make a correction" to Plaintiff's "student record," and "remove" Plaintiff's "3-day out of school suspension that was assessed 8/10/22" [Doc. 25 at 2]. Defendant Tullahoma then "confirms that, following the correction to [Plaintiff's] records, there exists no August 2022 suspension on [Plaintiff's] school record" [*Id.*]. The Parties further agreed that Defendant Tullahoma "will send I.P.'s counsel a sworn statement verifying that Tullahoma City Schools has corrected I.P.'s student record and removed I.P.'s 8/10/22 3-day out of school suspension" [*Id.*]. "[W]ithin 24 hours of receiving the

sworn statement," Plaintiff's counsel agreed "to file a notice with the Court withdrawing I.P.'s Motion for Preliminary Injunction" [*Id.*].  On August 14, 2023, Plaintiff withdrew his request for a preliminary injunction "[p]ursuant to the terms of the stipulation" [Doc. 26].

On September 21, 2023, Plaintiff filed a "First Amended Complaint" [Doc. 36] that, as relevant here, alleges three (3) claims for injunctive and declaratory relief against Defendant Tullahoma—Claims Five, Six, and Seven [Doc. 36 ¶¶ 197-235].  As relief for these claims, Plaintiff seeks a declaration that (1) Defendant Tullahoma's Social Media and Wildcat policies "violate[] the First Amendment" and (2) his suspension based on those policies "violates the First Amendment both facially and as applied" to him [*Id.* ¶¶ 205-06, 220-21, 233-34].

In its Motion to Dismiss, Defendant Tullahoma argues that Claim Five, Six, and Seven are moot because "Plaintiff's suspension for the events at issue has been removed from the record," the Social Media and Wildcat policies are "defunct," and Plaintiff "will not be suspended again based on those now removed policies" [Doc. 53 at 18; *see also* Doc. 61 at 22].  *See, e.g.*, *Speech First, Inc. v. Schlissel*, 939 F.3d 756, 767 (6th Cir. 2019) (noting that a case becomes moot when "the parties lack a legally cognizable interest in the outcome").  But Plaintiff maintains that Defendant Tullahoma "has not permanently expunged" his suspension [Doc. 57 at 41-42].  Plaintiff also argues that Defendant Tullahoma could reinstate the Social Media and Wildcat policies [*See id.* at 42].  However, it appears that Plaintiff has graduated and may be reasonably sure that Defendant Tullahoma will not violate his rights because he is no longer a student at Tullahoma High School.  Thus, whether Plaintiff's suspension is permanently expunged from his school record may bear on the mootness of Claims Five, Six, and Seven.

Because Defendant Tullahoma lodges a factual attack on the Court's subject matter jurisdiction with respect to Claims Five, Six, and Seven, the Court may consider evidence outside

of the pleadings "to resolve disputed jurisdictional facts." *See Ohio Nat'l Life Ins. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) (citation omitted). And the Court would benefit from supplemental briefing. Accordingly, Plaintiff and Defendant Tullahoma shall each provide a supplemental brief, addressing: (1) whether Plaintiff's August 2022 suspension is permanently expunged from his school record, (2) whether Plaintiff has graduated and is no longer a student at Tullahoma High School, and (3) if yes to the above, whether Claims Five, Six, and Seven are now moot. **No supplemental brief may exceed seven (7) pages**, excluding any affidavits. The Parties **MUST** each file their respective supplemental brief by **August 26, 2024.**

SO ORDERED.

 /s/ Katherine A. Crytzer
 KATHERINE A. CRYTZER
 United States District Judge