IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| I.P., a minor, by and through B.P., ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| V. ) | No. 4:23-cv-00026 |
| ) | |
| TULLAHOMA CITY SCHOOLS, a ) | |
| political subdivision of the State of ) | |
| Tennessee; JASON QUICK, in his ) | |
| individual capacity; and, DERRICK ) | |
| CRUTCHFIELD, in his individual ) | |
| Capacity, ) | |
| ) | |
| DEFENDANT. ) | |

**DEFENDANT TULLAHOMA CITY SCHOOLS' SUPPLEMENTAL BRIEF IN RESPONSE TO AUGUST 12, 2024 COURT ORDER**

Comes now the Defendant, Tullahoma City Schools, by and through their undersigned counsel, and provide this supplemental brief on the issues requested by the Court as follows:

*Status of Plaintiff's 3 Day Suspension and Graduation*

On August 14, 2023, the parties in this action entered into a stipulation that Plaintiff would withdraw his July 18, 2023 Motion for Preliminary Injunction if Defendant removed language contained within its high school student handbook regarding the posting of images and videos "discrediting," "embarrassing," or "humiliating" another student or staff member of Tullahoma High School as well as verbiage prohibiting social media posts that were "unbecoming of a Wildcat." As part of

the stipulation between the parties the Defendant also agreed to remove the Plaintiff's 3 day suspension that accrued on August 10, 2022 from his student record. (Doc. 25).

Specifically, the stipulation acknowledges that, after Plaintiff filed his Motion for Preliminary Injunction, the Defendant took voluntary, unilateral action to address the Plaintiff's concerns regarding the specified content discussed *supra* in the high school student handbook. (Doc. 25, Page ID #144 – 45, ¶2 – ¶3). Defendant further agreed to remove Plaintiff's 3 day suspension from his school record and subsequently confirmed that no such suspension now exists in his student record following the removal. (Doc. 25, Page ID #145, ¶4). Pursuant to ¶5 of this stipulation, Dr. Catherine Stephens, Director of Schools for Tullahoma City Schools, executed a sworn declaration under oath that same day (August 14, 2023) as additional assurance that Plaintiff's suspension had been removed from his student record. (Stephens August 14, 2023 Decl. ¶2). Finally, Dr. Stephens has executed another declaration, filed contemporaneously with this instant brief, specifically addressing the Court's present queries. In so doing, Dr. Stephens confirms that the Plaintiff did indeed graduate from Tullahoma High School on May 17, 2024 and that Plaintiff's suspension has been permanently expunged from his student record. (Stephens August 26, 2024 Decl. ¶4 and ¶5). Thus, relying upon the most recent declaration filed contemporaneously with this instant brief as Exhibit A, the Defendant answers in the affirmative as to the first two questions posed by this Court. (Doc. 92, Page ID #805 – 06).

<u>*Mootness as to Claims 5 – 7 of Plaintiff's Complaint*</u>

In his First Amended Complaint, Plaintiff alleges violations of First Amendment freedoms of speech and expression (Doc. 36, Page ID #264 – 66, ¶197 – ¶209), First Amendment and Fourteenth Amendment prohibitions on unconstitutional vagueness

and lack of fair notice regarding Tullahoma High School's student handbook (Doc. 36, Page ID #266 – 69, ¶210 – ¶222), as well as an alleged First Amendment unconstitutional overbreadth regarding this handbook language (Doc. 36, Page ID #269 – 71, ¶223 – ¶235).  Plaintiff seeks injunctive and declaratory relief on each of these claims but, for the reasons set forth below, Defendant asserts such relief should be denied as the claims underlying the requests for relief are moot.

Article III, §2 of the United States Constitution requires the existence of "cases" or "controversies" between parties prior to federal courts being able to adjudicate the claims between them. *Kentucky Right to Life, Inc. v. Terry*, 108 F.3d 637, 644 (6th Cir. 1997).  Furthermore, the doctrine of "mootness" demands a "live" case or controversy when a federal court decides a case. *Id.*  If the injured party no longer has a legally cognizable interest in the outcome of litigation, then his or her claim(s) is/are moot. *Powell v. McCormack*, 395 U.S. 486, 496 (1969).  Voluntary cessation is an exception to the mootness doctrine that preserves a tribunal's power to hear and determine a case unless a defendant can show there is no reasonable expectation that the alleged violation will recur and interim events or relief have completely and irrevocably eradicated the effects of the alleged violations. *Los Angeles v. Davis*, 440 U.S. 625, 631 (1979).

Recurrence of the challenged conduct does not need to be reinstating the same mandate that allegedly injured the plaintiff, but may also be a mandate similar enough to the prior mandate to present substantially the same legal controversy as the one initially presented in the plaintiff's complaint. *Northeast Florida Chapter of General Contractors v. City of Jacksonville*, 508 U.S. 656, 662 (1993).  However, without a class action, there must be a reasonable expectation or demonstrated probability that the

*individual complainant* will be involved in the same controversy in the future to avoid a finding of mootness. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (emphasis added). Moreover, voluntary cessation of allegedly illegal conduct by government officials is to be treated with more definitiveness than similar action by private parties, and such self-correction provides a secure foundation for a dismissal based on mootness so long as it appears genuine. *Mosley v. Hairston*, 920 F.2d 409, 415 (6th Cir. 1990).

In March 2024, Plaintiff filed a supplemental brief regarding the recently decided Supreme Court case of *Fikre v. Federal Bureau of Investigation*, 601 U.S. \_\_\_\_ (2024) and its impact on Defendant's mootness argument related to Plaintiff's equitable claims. (Doc. 77, Page ID #664 – 67). In that supplemental brief, the Plaintiff attempted to analogize the case at bar to the court's ruling in *Fikre* in support of the Plaintiff's position that his claims are not moot. (Doc. 77, Page ID #665 – 66). Specifically, the Plaintiff cites to the *Fikre* decision, in which that court found that a plaintiff's claim was not moot when the defendant in that case could not definitively state that it would not again place that plaintiff on a no-fly list if the plaintiff continued to engage in the same repeated pattern of conduct that led to his initial placement on a no-fly list, to support his position in the instant action that the Defendant's actions subsequent to the filing of this present case have not mooted his claims. *Id.* However, while relying upon the *Fikre* decision, Plaintiff overlooks a key part of the court's *Fikre* opinion in which that court explained that "our judgment is a *provisional* one. Just because the government has *not yet demonstrated that Mr Fikre's case is moot does not mean it will never be able to do so.*" *Fikre* at pg. 9 (emphasis added).

In the case at bar, Dr. Stephens, acting on behalf of the Defendant, executed a declaration subsequent to the Plaintiff's supplemental briefing concerning the *Fikre* case

4

Case 4:23-cv-00026-KAC-SKL   Document 102   Filed 08/26/24   Page 4 of 7   PageID #: 835

that stated unambiguously that the Plaintiff would not be suspended or subjected to discipline for any future images or memes shared via social media in connection with the school environment that is constitutionally protected speech and expression under current Supreme Court and Sixth Circuit legal precedent. (Stephens March 27, 2024 Decl. ¶5). True to its word, the Defendant acted consistently with this declaration for the remainder of the Plaintiff's academic career in the Defendant's school system.

Importantly however, as of the drafting of this most recent supplemental brief by the Defendant, the Plaintiff is no longer a student within the Defendant's school system. (Stephens August 26, 2024 Decl. ¶5, ¶7). As Dr. Stephens notes in her most recent declaration under oath, Plaintiff graduated from high school on May 17, 2024. (Stephens August 26, 2024 Decl. ¶5, ¶7). Thus, even if the school desired to take action against the Plaintiff as the result of his allegedly protected speech, it could not do so as it only has authority over its students and the Plaintiff, having graduated, is no longer a student. (Stephens August 26, 2024 Decl. ¶5, ¶7). Moreover, this declaration also states in pertinent part that "Tullahoma City Schools does not intend to and is unable to foresee any future situation that would lead it to reinstate the speech and conduct language within the student handbook that gave rise to this lawsuit or any other similar language as applied to Plaintiff or any other student within the Tullahoma City School system." (Stephens August 26, 2024 Decl. ¶6). As a result, even if the Plaintiff remained a student in the Defendant's school system (which he doesn't) he would not be subject to the language within the student handbook with which he disagreed.

Consequently then, it is the Defendant's position that the content of Dr. Stephens' most recent declaration directly contradicts the Plaintiff's allegations regarding the Defendant's potential course of future conduct and its related ability to discipline the

Plaintiff for future speech. As a result, Plaintiff has failed to show that there is a reasonable expectation or demonstrated probability that he, as the individual complainant to this action, will be involved in the same controversy with the Defendant in the future. *Murphy v. Hunt* at 482 (1982). Accordingly, the Defendant respectfully requests that this Court find the Plaintiff's claims for equitable relief as contained in Claims V – VII in his First Amended Complaint moot.

                                                Respectfully submitted,

                                                SELLERS, CRAIG & HAYDEN, INC.

By:      s/Christopher C. Hayden
          Christopher C. Hayden (028220)
          Andrew V. Sellers (019586)
          Attorney for Defendant
          P.O. Box 10547
          Jackson, Tennessee 38308
          (731). 300-0737
          Chris@schofcounsel.com
          Andrew@schofcounsel.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was forwarded by electronic means via the Court's electronic filing system.

s/Christopher C. Hayden<br>
SELLERS, CRAIG & HAYDEN, INC.

Date: August 26, 2024

PERSONS SERVED:

Darrick L. O'Dell
Spicer Rudstrom, PLLC
414 Union Street, Suite 1700
Nashville, TN 37219
dlo@spicerfirm.com

Conor T. Fitzpatrick
Harrison M. Rosenthal
Foundation of Individual Rights and Expression
510 Walnut Street, Suite 1250
Philadelphia, PA 19106
conor.fitzpatrick@thefire.org
harrison.rosenthal@thefire.org

Jerome D. Pinn
Wimberly Lawson Wright Daves & Jones, PLLC
550 Main Avenue, Ste. 900
P.O. Box 2231
Knoxville, TN 37901-2231
jpinn@wimberlylawson.com

Michael T. Schmitt
W. Carl Spining
The Ortale Kelley Firm
330 Commerce Street, Suite 110
Nashville, TN 37201
mschmitt@ortalekelley.com
cspining@ortalekelley.com

Alix C. Michel
David J. Ward
Attorneys at Law
735 Broad Street, Suite 406
Chattanooga, TN 37402
Alix@MichelandWard.com
David@MichelandWard.com