```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF TENNESSEE
                         WINCHESTER DIVISION
```

| | |
|---|---|
| I.P., a minor, by and through B.P., <br><br> *Plaintiff,* <br> v. <br><br> TULLAHOMA CITY SCHOOLS, a political subdivision of the State of Tennessee; JASON QUICK, in his individual capacity; and DERRICK CRUTCHFIELD, in his individual capacity, <br><br> *Defendants.* | Case Number: 4:23-cv-26 <br><br> Hon. Katherine A. Crytzer <br><br> **Plaintiff's Supplemental Brief Regarding the Court's August 12, 2024 Request for Supplemental Briefing [Doc. 92]** |

Claims Five, Six, and Seven are not moot until Defendant Tullahoma City Schools (the "School District") confirms it has permanently and irrevocably removed I.P.'s August 2022 suspension from Tullahoma High School from his record.

On August 10, 2022, the School District suspended then-junior I.P. for posting three memes on his personal Instagram lampooning his principal, Defendant Jason Quick. One showed Quick holding a box of vegetables. [Doc. 36, First Amended Complaint at ¶28.] The second photoshopped Quick into in a French maid dress with cat ears and whiskers. [*Id.* at ¶31.] And a third showed an animated bird from a Cartoon Network program giving Quick a hug. [*Id.* at ¶35.][1]

---

[1] The School District claims two other images played a role in I.P.'s suspension. However, as the Court notes [Doc. 92 at 1], the School District filed a Rule 12(c) motion for judgment on the pleadings and to dismiss certain equitable claims as moot under Rule 12(b)(1). The role of the other two images as a basis for I.P.'s suspension is irrelevant to the 12(b)(1) question of whether the dispute over the suspension is moot. The same is true for the remainder of the School District's motion. Courts review Rule 12(c) motions using the same standard as a Rule 12(b)(6) motion to dismiss. *Anders v. Cuevas*, 984 F.3d 1166, 1174 (6th Cir. 2021). That means the Court must, as to the 12(c) portion of the School District's motion, assume as true I.P.'s allegation that Defendants

I.P. filed suit in July 2023, before his senior year at Tullahoma High School, seeking, among other things, a permanent injunction against the suspension remaining on his record and against two student handbook policies restricting students' expression on social media. I.P. needs the suspension permanently expunged from his record so he can apply to universities (undergraduate and, potentially, graduate schools) without having to disclose he was suspended. [Doc. 36 at ¶122.] For instance, when applying to college in the fall of 2023, one of I.P.'s target schools asked applicants, "Have you ever been expelled, dismissed, suspended, placed on probation, or are otherwise subject to any disciplinary sanction by any school, college, or university?" [Ex. 1.][2]

Shortly after I.P. filed suit, the School District removed both challenged policies from the student handbook and agreed to a Stipulation agreeing, "for the purposes of I.P.'s Motion for Preliminary Injunction," to "correct[]" I.P.'s student record and "remove" the suspension. [Doc. 25 at 2.] When the School District moved to dismiss I.P.'s claims for injunctive relief on mootness grounds, I.P. pointed out the Stipulation was only "for the purpose[]" of I.P.'s preliminary injunction motion, so further relief was necessary for a permanent resolution. [Doc. 57 at 33–40.] I.P. expressed concern that the School District's declaration from Superintendent

---

suspended him solely for the three Instagram images [Doc. 36 at ¶107] and construe those allegations "in the light most favorable" to I.P. *Anders*, 984 F.3d at 1174.

[2] As the Court's Order requesting supplemental briefing correctly notes, the Court may consider material outside the pleadings for the purpose of assessing mootness, which implicates the Court's jurisdiction. [Doc. 92 at 2–3.]

Catherine Stephens promising she would not reinstate I.P.'s suspension is not binding on future superintendents. [Doc. 57 at 34–37.]

Ensuring the School District remains bound by the current Superintendent's promise is critical because K-12 First Amendment disputes can have lengthy lifespans. Mary Beth Tinker filed suit in the Southern District of Iowa on March 14, 1966, to vindicate her right to wear an antiwar armband to school. [Brief of Petitioner at 9, *Tinker v. Des Moines Indep. Comm. Sch. Dist.*, 393 U.S. 503 (1969) No. 21, 1968 WL 112602 at *9.] But the Supreme Court did not affirm her First Amendment rights (after the district court and Eighth Circuit ruled against her) until February 24, 1969. *Tinker*, 393 U.S. 503 (1969). And in *Mahanoy*, B.L. filed suit on September 25, 2017, after, like here, her high school disciplined her for off-campus social media posts critical of a school employee. [Complaint, *B.L. v. Mahanoy Area Sch. Dist.*, No. 3:17-cv-01734 (M.D. Pa.), ECF No. 1.] The Supreme Court did not release its decision protecting her First Amendment rights until June 23, 2021. *Mahanoy Area Sch. Dist. v. B.L. ex rel. Levy*, 594 U.S. 180 (2021).

In May 2024, I.P. graduated from Tullahoma High School, and today is his first day of college. If the School District can provide sufficient documentation or binding representations that (1) I.P.'s August 2022 suspension is permanently and irrevocably removed from his record and (2) that the suspension will remain expunged even in the event of a final judgment for Defendants, then I.P. agrees Claims Five, Six, and Seven are now moot.

3

Case 4:23-cv-00026-KAC-SKL   Document 103   Filed 08/26/24   Page 3 of 5   PageID #: 843

Anything less, however, means I.P.'s claims that the suspension violated his First Amendment rights remain live. [*See* Doc. 36, Claim V at ¶206, Claim VI at ¶221, Claim VII at ¶234.] *See also Abie State Bank v. Weaver*, 282 U.S. 765, 781 (1931) (holding a live controversy remained over the legality of a repealed Nebraska tax law because, while repeal "prevent[ed] further assessments under the old law," the state was still attempting to enforce assessments made under the law prior to its repeal).

Likewise here, unless and until the School District permanently and irrevocably expunges I.P.'s suspension, I.P.'s equitable claims against the suspension, and the Social Media Policy the School District relies on for that suspension, remain live.

Dated: August 26, 2024

DARRICK L. O'DELL
SPICER RUDSTROM, PLLC
414 Union St., Ste. 1700
Nashville, TN 37219
dlo@spicerfirm.com

Respectfully Submitted,

/s/ Conor T. Fitzpatrick
CONOR T. FITZPATRICK (*pro hac vice*)
(Mich. P78981 / D.C. 90015616)
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION
700 Pennsylvania Ave. SE, Ste. 340
Washington, D.C. 20003
(215) 717-3473
conor.fitzpatrick@thefire.org

JEFFREY D. ZEMAN (*pro hac vice*)
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION
510 Walnut St., Ste. 900
Philadelphia, PA 19106
(215) 717-3473
jeff.zeman@thefire.org
*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing upon all ECF filing participants.

/s/ Conor T. Fitzpatrick
Conor T. Fitzpatrick
COUNSEL FOR PLAINTIFF
