# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# WINCHESTER DIVISION

| | |
|---|---|
| I.P., a minor, by and through B.P., *Plaintiff*, v. TULLAHOMA CITY SCHOOLS, a political subdivision of the State of Tennessee, *Defendant*. | Case Number: 4:23-cv-26<br><br>Hon. Katherine A. Crytzer<br>Magistrate Judge Susan K. Lee<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO TULLAHOMA CITY SCHOOLS' MOTION FOR COSTS** |

Darrick L. O'Dell
  (BPR #26883)
SPICER RUDSTROM, PLLC
414 Union St., Ste. 1700
Nashville, TN 37219
(615) 259-9080
dlo@spicerfirm.com

Jeffrey D. Zeman
  (Mich No. P76610, Penn. No. 328570)*
FOUNDATION FOR INDIVIDUAL
  RIGHTS AND EXPRESSION
510 Walnut St., Ste. 900
Philadelphia, PA 19106
(215) 717-3473
jeff.zeman@fire.org

Conor T. Fitzpatrick
  (Mich. No. P78981, D.C. No. 90015616)*
Zachary T. Silver
  (N.Y. No. 5833579, D.C. No. 1742271)*
FOUNDATION FOR INDIVIDUAL
  RIGHTS AND EXPRESSION
700 Pennsylvania Ave. SE, Ste. 340
Washington, D.C. 20003
(215) 717-3473
conor.fitzpatrick@fire.org
zach.silver@fire.org

*Admitted *Pro Hac Vice*

*Counsel for Plaintiff*

# INTRODUCTION

After losing on the merits at a jury trial, Tullahoma City Schools (the "School District") now seeks to *recover* costs under Rule 68. Its motion ignores a crucial detail: When it served its all-inclusive offer of judgment for $57,500 more than a year and a half into the litigation, I.P.'s counsel had already reasonably incurred attorneys' fees and costs far exceeding that amount.

Under binding Sixth Circuit precedent, a losing Section 1983 defendant cannot recover costs under Rule 68(d) unless its offer equals or exceeds the judgment ultimately obtained, including the plaintiff's pre-offer costs *and* attorneys' fees. *Hescott v. City of Saginaw*, 757 F.3d 518, 527 (6th Cir. 2014) (citing *Marek v. Chesny*, 473 U.S. 1, 7 (1985)). This makes good sense. Were it not the rule, government defendants could effectively thwart Congress' intent to encourage vindication of civil rights through Section 1988 fee awards by serving a post-complaint offer of judgment for a few thousand dollars, shielding themselves against fees for the vast majority of constitutional violations.

As I.P. will demonstrate more fully in his forthcoming motion for attorneys' fees, by the time the School District made its offer, I.P.'s counsel had already devoted more than 425 hours to this case, representing over $175,000 in fees, even under a conservative calculation using reduced local rates and after exercising billing discretion to omit time spent exclusively on dismissed claims and parties.[1]

Therefore, because the School District's Rule 68 offer did not exceed I.P.'s damages plus his recoverable pre-offer costs and fees, the School District is not entitled to recover costs.

---

[1] Because the issues in the School District's motion are intertwined with I.P.'s forthcoming fees motion, I.P. respectfully requests that this motion be held in abeyance and decided concurrently with I.P.'s fees motion.

# BACKGROUND

On August 10, 2022, the School District suspended Plaintiff I.P. from Tullahoma High School ("THS") for three memes he posted on Instagram while off campus and outside school hours. (ECF No. 166, Am. Final Pretrial Order.) The memes lightly poked fun at then-Principal Jason Quick: One showed him holding a box of vegetables with googly eyes; another portrayed him in a French Maid dress with cat ears and cat whiskers; and the third depicted him being hugged by a cartoon bird. (ECF No. 159, Op. & Order Summ. J. 3–7.)

On July 19, 2023, I.P. filed a Verified Complaint against the School District, Quick, and Assistant Principal Derrick Crutchfield alleging that his suspension, THS's Social Media Policy, and a separate policy prohibiting speech "unbecoming of a Wildcat" (the school's mascot) violated the First and Fourteenth Amendments. (ECF No. 1, Verified Compl.) I.P. also moved for a preliminary injunction requiring removal of the suspension from his record and prohibiting enforcement of the challenged policies during the litigation. (ECF No. 4, Pl.'s Mot. Prelim. Inj. 1.)

On August 14, 2023, the parties entered a negotiated agreement under which, in exchange for I.P.'s withdrawal of his preliminary-injunction motion, the School District removed the suspension from I.P.'s record and confirmed that it had removed the challenged policies from the Student Handbook in response to his lawsuit. (ECF No. 25, Stipulation Regarding Pl.'s Mot. Prelim. Inj. ¶¶ 1–4.)

On September 21, 2023, I.P. filed his Amended Complaint objecting to the post-hoc justifications for I.P.'s suspension the School District asserted in its original Answer. (ECF No. 36, Am. Compl.) In October 2023, Defendants moved to dismiss under Rule 12(b)(1) and for judgment on the pleadings under Rule 12(c). (ECF No. 51, Quick & Crutchfield Br.; ECF No. 53, School District Br.) I.P. filed a consolidated response in opposition. (ECF No. 57, Pl.'s Resp. Br.) While those motions were pending, the parties proceeded with discovery and negotiated resolutions to

discovery disputes, including a joint proposed protective order governing HIPAA- and FERPA-protected information, which the Court entered on December 19, 2023. (ECF No. 65.)

On May 8, 2024, the School District moved to stay discovery on the mistaken theory that qualified immunity shielded it from participation in litigation. (ECF No. 82, School District Mot. Stay Disc.) In June 2024, while that motion was pending, counsel for I.P. traveled to Tullahoma to obtain documents responsive to Defendants' discovery requests. On July 25, 2024, the Court granted the School District's motion in part and denied it part, ordering discovery to proceed. (ECF No. 90.)

On September 25, 2024, the Court granted the Rule 12(c) motions in part, dismissing the claims against Quick and Crutchfield on qualified-immunity grounds and holding I.P.'s claims for injunctive relief moot in light of the negotiated policy rescissions and corrected student record. (ECF No. 109.) However, the Court allowed I.P.'s First Amendment claim against the School District to proceed. (*Id.*)

On November 6, 2024, the parties appeared for a telephonic hearing necessitated by the School District's refusal—despite the Court's existing protective order (ECF No. 65)—to disclose the names of potential student witnesses without an additional FERPA order from the Court. (ECF No. 79, Mot. Disclose.) The Court ultimately struck the School District's motion. (ECF Nos. 112, 115.)

On December 23, 2024, the School District served a Rule 68 offer of judgment for $57,500 ($7,500 in damages and $50,000 in fees). By that time, however, I.P.'s counsel had devoted more than 425 hours to litigating the case, representing more than $175,000 in fees at their standard rates, even after exercising billing judgment to omit time spent exclusively on dismissed claims. (ECF No. 200-1, Ex. A, Zeman Decl. ¶¶ 6–9.)

3

On January 15, 2026, following a two-and-a-half-day trial, a jury returned a verdict finding the School District liable for violating I.P.'s First Amendment rights and awarding him nominal damages. (ECF Nos. 180–82, 185.) The Court entered judgment for I.P. the same day. (ECF No. 187.) On February 4, 2026, the School District filed a motion seeking costs. (ECF No. 189.)

## ARGUMENT

### I. The School District Cannot Recover Costs Under Rule 68(d) Because Its Offer of Judgment Was Less Than I.P.'s Pre-Offer Attorneys' Fees.

Nothing in Rule 68 entitles the Defendant School District to shift costs. Rule 68(d) authorizes a defendant to recover post-offer costs only "[i]f the judgment that the [plaintiff] finally obtains is not more favorable than the unaccepted offer." Fed. R. Civ. P. 68(d). That condition is not met here.

As an initial matter, there is no dispute that I.P. is a prevailing party under Section 1988. (ECF No. 190, Mem. Supp. Mot. Costs. 2.) A jury found the School District liable for violating his First Amendment rights and awarded nominal damages. (ECF No. 185.) A Section 1983 plaintiff who secures a jury verdict, even one awarding nominal damages, is a prevailing party entitled to recover reasonable attorneys' fees and costs. *See Kidis v. Reid*, 976 F.3d 708, 720–21 (6th Cir. 2020) (nominal damages award "transformed" Section 1983 plaintiff "into a prevailing party" eligible to recover costs and fees).

The dispositive question, therefore, is whether the School District's December 23, 2024 offer of $57,500 was more favorable than "the judgment" I.P. ultimately obtained. Fed. R. Civ. P. 68(d). In the Sixth Circuit, "the 'judgment' used to make this apples-to-apples comparison includes not just the damages award, but also the claimant's pre-offer costs and fees actually awarded." *Hescott*, 757 F.3d at 527 (citing *Marek*, 473 U.S. at 7); *see, e.g.*, *Sevy v. Barach*, No. 17-13789, 2022 WL 4234951, at *11–13 (E.D. Mich. Sept. 14, 2022) (holding Rule 68 applied

only after comparing $3,000 damages award, plus $2,785.53 in pre-offer costs and $9,641.50 in pre-offer attorney's fees, against $20,000 offer of judgment); *see also Vanderhoef v. Dixon*, No. 3:16-CV-508-TAV-DCP, 2020 WL 6864543, at *12 (E.D. Tenn. May 4, 2020) ("Plaintiff correctly states that the award of attorney's fees prior to the offer of settlement … would result in him obtaining a total judgment that is more favorable than the purported settlement offer."), *report and recommendation adopted*, 2020 WL 4673464 (E.D. Tenn. Aug. 12, 2020).

*Hescott* is controlling. There, Section 1983 plaintiffs obtained a jury verdict of $5,000 after rejecting a $15,000 Rule 68 offer, so the district court awarded the defendant its post-offer costs. 757 F.3d at 521–22. The Sixth Circuit reversed, holding that if the plaintiffs' pre-offer fees and costs exceeded $10,000, then their total "judgment" (the $5,000 verdict plus pre-offer fees and costs) would be more favorable than the offer, and Rule 68(d) would not apply. *Id.* at 527–28.

The School District's motion disregards *Hescott*'s framework by comparing the $7,500 damages component of its offer to I.P.'s nominal damages award. (ECF No. 190, Mem. Supp. Mot. Costs., 2.) But Rule 68(d) requires an "apples-to-apples comparison" between the offer and the full judgment, including pre-offer costs and attorneys' fees.

That comparison forecloses cost shifting here. As will be shown in I.P.'s forthcoming motion under 42 U.S.C. § 1988, by December 23, 2024—a year and a half into this litigation— I.P.'s attorneys had conservatively logged more than 425 hours. (ECF No. 200-1, Ex. A, Zeman Decl. ¶ 7.) Even applying local Knoxville rates,[2] those pre-offer attorneys' fees alone total more than $175,000, well in excess of the School District's $57,500 offer. (*Id.* ¶ 9.) When combined

---

[2] As I.P. will explain in his forthcoming motion for fees, I.P. is entitled to recover attorneys' fees at the local District of Columbia and Philadelphia rates—where I.P.'s attorneys are located—due to the unique character of this civil rights action and the special subject matter expertise of his counsel. *See, e.g., Miller v. Davis*, 267 F. Supp. 3d 961, 995–96 (E.D. Ky. 2017) (granting ACLU attorneys their requested rates as out-of-town "specialists in constitutional litigation"), *aff'd sub nom. Miller v. Caudill*, 936 F.3d 442, 452 (6th Cir. 2019), *abrogated in part on other grounds by Lackey v. Stinnie*, 604 U.S. 192 (2025).

with the nominal damages award and recoverable costs, the "judgment that [I.P.] finally obtains" will necessarily exceed the offer.

Because the School District's offer will not be more favorable than I.P.'s judgment, Rule 68(d) does not authorize cost shifting.[3] As the prevailing party, I.P. is entitled to recover his costs. The School District is not.

## CONCLUSION

For the foregoing reasons, Plaintiff I.P. respectfully requests this Court deny the School District's motion for costs. Because, as explained above, I.P.'s defense against this motion is intertwined with his forthcoming motion for attorneys' fees, I.P. respectfully requests this motion be held in abeyance and decided concurrently with I.P.'s fees motion.

---

[3] The Court should also reject the School District's Bill of Costs (ECF No. 191) because it does not submit supporting documentation "clearly showing the amount of costs and/or their purpose." U.S. Dist. Ct. E.D. Tenn., *Guidelines on Preparing Bills of Costs* (Oct. 2024), https://www.tned.uscourts.gov/sites/tned/files/guidelines.pdf. In candor, I.P. initially also neglected to support his request for transcript fees in his Bill of Costs with documentation establishing the number of pages and rate per page. (ECF No. 192.) However, I.P. will provide the requisite breakdown in his forthcoming reply in support of his costs petition and has no objection to the School District doing the same.

Dated: February 18, 2026

DARRICK L. O'DELL
   (BPR #26883)
SPICER RUDSTROM, PLLC
414 Union St., Ste. 1700
Nashville, TN 37219
(615) 259-9080
dlo@spicerfirm.com

Respectfully Submitted,

/s/ Jeffrey D. Zeman
JEFFREY D. ZEMAN
   (Mich No. P76610, Penn. No. 328570)*
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION
510 Walnut St., Ste. 900
Philadelphia, PA 19106
(215) 717-3473
jeff.zeman@fire.org

CONOR T. FITZPATRICK
   (Mich. No. P78981, D.C. No. 90015616)*
ZACHARY T. SILVER
   (N.Y. No. 5833579, D.C. No. 1742271)*
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION
700 Pennsylvania Ave. SE, Ste. 340
Washington, D.C. 20003
(215) 717-3473
conor.fitzpatrick@fire.org
zach.silver@fire.org

*Admitted *Pro Hac Vice*
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 18, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing upon all ECF filing participants.

/s/ Jeffrey D. Zeman
Jeffrey D. Zeman
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION
